```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| IN RE:<br>PHILLIPS GROUP, INC.,<br>      Debtor | Bankruptcy No. 05-23166 |
| NATALIE LUTZ CARDIELLO,<br><br>      Plaintiff-Trustee,<br><br>    v.<br><br>PHILIP CASALE AND LORRAINE<br>CASALE, and TURAIN<br>ENTERPRISES, INC.,<br><br>      Defendants. | Civil Action No. 05-1575<br>(Adv. Pro. No. 05-3051) |

## MEMORANDUM

Gary L. Lancaster,
District Judge.                                      May 22, 2006

This is an action to void a mortgage lien. Plaintiff, trustee of Phillips Group, Inc., a Chapter 7 Debtor, filed this case as an adversary proceeding in the bankruptcy court seeking to destroy, or substantially reduce, defendants' mortgage lien pursuant to either Pennsylvania's fraudulent transfer statute or common law merger doctrine.

Plaintiff has filed a motion to withdraw the reference of this adversary proceeding. She claims that withdrawal of the reference is appropriate on the ground that the issues raised in the adversary proceeding are "inextricably intertwined" with the

issues raised in her appeal from two orders of the bankruptcy court lifting the automatic stay, docketed in this court at Civil Action Number 05-1526. Defendant resists withdrawal, contending that the balance of relevant factors weigh in favor of allowing the bankruptcy court to proceed with adjudication of the core issues raised in the adversary proceeding.

Because this court has now disposed of plaintiff's appeal, because this is a core proceeding regarding property that is the principal asset of the estate, and because all other factors weigh in favor of denying the motion, plaintiff cannot satisfy her burden to demonstrate good cause for withdrawal of the reference. The motion is denied.

I.   BACKGROUND

Plaintiff, Natalie Lutz Cardiello, is the Trustee of Phillips Group, Inc., a debtor in a Chapter 7 bankruptcy proceeding. Debtor's principal asset is a restaurant property purchased from defendants in January of 2004. Debtor purchased the property for approximately $820,000, of which it paid $220,000 in cash. The remainder of the purchase price was satisfied through a $600,000 mortgage between Debtor and defendants. Debtor made two payments under the mortgage, and then defaulted. Defendants secured a judgment for past due

mortgage payments in the amount of approximately $30,000 and permission to hold a sheriff's sale of the property in state court in October of 2004.

Following the state court proceedings, Debtor filed a petition in bankruptcy, thereby automatically staying further action by defendants on the state court judgment. As such, defendants sought relief from the stay in the Bankruptcy Court so that they could execute on their state court judgment and mortgage lien. After briefing and a hearing, the Bankruptcy Court granted defendants relief from the stay in an August 30, 2005 Order. However, the Bankruptcy Judge made the order ineffective until December 1, 2005, allowing the Trustee an opportunity to sell the property herself. By order dated October 12, 2005, the Bankruptcy Judge denied plaintiff's motion to alter, amend, or vacate that order. Plaintiff appealed both of these orders to this court, and on December 1, 2005, the Bankruptcy Judge agreed to further stay the appealed orders until February 1, 2006. The Trustee did not obtain a buyer for the property prior to February 1, 2006.

In the interim, plaintiff filed this adversary proceeding in September of 2005. In it, she contends that the unpaid balance of defendants' $600,000 mortgage, should be extinguished or substantially reduced either because it was merged into the

$30,000 state court judgment, or because it was obtained in violation of the Pennsylvania Uniform Fraudulent Transfer Act. In October of 2005, defendants filed a motion to dismiss the adversary proceeding. In November of 2005, plaintiff filed the instant motion to withdraw reference arguing that this adversary proceeding is "inextricably intertwined procedurally and substantively with the appeal" of the Bankruptcy Court's August 30th and October 12th orders. In short, plaintiff contends that the merger doctrine and valuation of the property are central to both the appeal and this adversary proceeding, justifying discretionary withdrawal of the reference.

II.   STANDARD OF REVIEW

The district court has original, but not exclusive, jurisdiction over all bankruptcy proceedings. 28 U.S.C. §1334(b). The bankruptcy court exercises such jurisdiction under a standing order of reference, as provided by 28 U.S.C. §157(a). Once a proceeding has been referred to the bankruptcy court, the district court's authority to withdraw the reference is governed by 28 U.S.C. §157, which provides for both mandatory and discretionary withdrawal. Plaintiff has moved for discretionary withdrawal. Withdrawal from the bankruptcy court is permitted "for cause shown." 28 U.S.C. §157(d). As the movant in this

case, plaintiff bears the burden to show cause. In re NDEP Corp., 203 B.R. 905, 907 (D. Del. 1996).

Although the phrase "for cause shown" is not defined in the statute, the Court of Appeals for the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists for permissive withdrawal. These factors include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990).

It is also important in assessing the propriety of withdrawing the reference to determine whether the action sought to be withdrawn is a core or non-core proceeding. See 28 U.S.C. §157(b)(1). While the bankruptcy courts have jurisdiction to hear both core and non-core matters, the scope of the bankruptcy court's authority is different. When adjudicating core matters, the bankruptcy court may issue final orders and judgments. 28 U.S.C. §157(b)(1). In non-core matters, the bankruptcy court has more limited powers. It may not issue final orders and judgments; rather, it must submit proposed findings of fact and conclusions of law to the district court for *de novo* review. 28 U.S.C. §157(c)(1). A core proceeding "must have as its

foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment although of necessity there may be peripheral state law involvement." Hatzel & Buehler, Inc. v. Orange & Rockland Utils., Inc., 107 B.R. 34, 39 (D. Del. 1989).

### III.   DISCUSSION

Plaintiff seeks discretionary withdrawal of the reference primarily because she had appealed the Bankruptcy Court's orders granting defendants relief from the automatic stay. According to plaintiff, both the appeal and this adversary proceeding require a determination of the value of the property and a ruling on the applicability of the merger doctrine. Plaintiff further argues that the Pruitt factors weigh in favor of withdrawing the reference. We disagree and find that none of these reasons satisfy plaintiff's burden to show good cause for withdrawing the reference of this adversary proceeding.

#### A.   Pending Appeal Before this Court

Plaintiff's primary argument is that this adversary proceeding should be withdrawn because the issues raised in it are the same as the issues raised in her appeal of the Bankruptcy Court's orders granting defendants relief from the automatic

stay. Plaintiff contends that in both instances, this court will need to determine the value of the secured property and the applicability of the merger doctrine. This court has now affirmed both orders of the Bankruptcy Court. The Bankruptcy Court has already addressed these matters, and is well equipped to address them again in the context of the adversary proceeding. That court is also in the best position to determine the effect that its previous rulings have on this adversary proceeding. The appeal having been decided, its pendency before this court no longer provides good cause for withdrawal of the reference.

B.  Core v. Non-Core[1]

Determining whether a proceeding is core or non-core is important in ruling on a motion to withdraw reference because bankruptcy courts have broad authority to adjudicate core proceedings, but limited authority to preside over non-core matters. 28 U.S.C. §§157(b)(1), 157(c)(1). In this case, both parties agree that this adversary proceeding is a core proceeding. The adversary proceeding seeks to determine "the validity, priority or extent of lien or other interest in

---

[1] While we recognize that 28 U.S.C. §157(b)(3) directs a bankruptcy court to make the determination as to whether a case is core or non-core, as a practical matter, this court must assess this factor in ruling on defendant's motion to withdraw reference.

property".  This is a function commonly carried out by a bankruptcy court.  The fact that this adversary proceeding is core weighs against withdrawal of the reference.

### C. The Five Factors

The five "for cause" factors also weigh against withdrawal of the reference.  The five "for cause shown" factors are: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal.  In re Pruitt, 910 F.2d at 1168.  We find that, on balance, they weigh in favor of refusing to withdraw the reference.

The Bankruptcy Court has already addressed some of the issues raised in the adversary proceeding.  The Bankruptcy Court has recently ruled on plaintiff's motion to sell the property.  It will promote uniformity of bankruptcy administration to allow the same court to decide the effect of its prior rulings on this adversary proceeding and to continue to consider and make rulings regarding the best way to dispense with the subject property.  In fact, plaintiff herself acknowledges that resolution of the pending appeal will in large part dispense with the adversary proceeding.  See 05-cv-1526, doc. no. 3, at pp. 6 and 9.  Such a

course of action will also foster economical use of debtor, creditor, and judicial resources and will expedite the bankruptcy process.

Finally, we find that denying the motion to withdraw will reduce forum shopping. Whether ill intentioned, or not, it is likely that at least one of the reasons that plaintiff seeks to move her case to this court is to avoid the Bankruptcy Court's jurisdiction on a matter on which she has already suffered adverse rulings. However, that is not a valid reason to withdraw the reference. Plaintiff cannot demonstrate good cause to warrant discretionary withdrawal.

IV.    CONCLUSION

Plaintiff's motion to withdraw the reference is denied. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| PHILLIPS GROUP, INC., ) | Bankruptcy No. 05-23166 |
| Debtor ) | |
| _____ ) | |
| ) | |
| NATALIE LUTZ CARDIELLO, ) | |
| ) | |
| Plaintiff-Trustee, ) | |
| ) | |
| v.  ) | Civil Action No. 05-1575 |
| ) | (Adv. Pro. No. 05-3051) |
| PHILIP CASALE AND LORRAINE ) | |
| CASALE, and TURAIN ) | |
| ENTERPRISES, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Therefore, this 22nd day of May, 2006, IT IS HEREBY ORDERED that Plaintiff's Motion to Withdraw the Reference is DENIED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record